IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| RICHARD F. REYNOLDS,<br><br>Petitioner,<br><br>v.<br><br>PETE BLUDWORTH; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 22-22-H-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On March 15, 2022, Richard F. Reynolds, a state prisoner proceeding pro se, filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) Mr. Reynolds seeks transfer from Crossroads Correctional Center to Montana State Prison or, alternatively, release on parole, in order to adequately address his various medical needs. *Id*. at 7; see also, (Doc. 1-1 at 5.)

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254

Cases. As explained herein, it appears that some of Mr. Reynolds' claims do not sound in habeas, but rather are more appropriately addressed in a civil rights case filed under 42 U.S.C. § 1983. To the extent that Mr. Reynolds does present a cognizable habeas claim, the claim is unexhausted and should be dismissed without prejudice.

## I. Procedural History

Following a jury trial in 2014, Mr. Reynolds was convicted in Montana's Eighteenth Judicial District, Gallatin County, of several securities-related crimes. See, (Doc. 1 at 2-3.)[1] He timely appealed his convictions, arguing that he was denied a right to a speedy trial and that the trial court erred in refusing certain jury instructions the defense had proposed. The Court affirmed the convictions. See, *State v. Reynolds*, 2017 MT 25, 386 Mont. 267, 389 P. 3d 243.

Mr. Reynolds filed a petition for postconviction relief in the state district court. See, (Doc. 1-2 at 100-107); see also, (Doc. 1 at 3.) Mr. Reynolds primarily challenged trial counsel's performance and asserted pre-trial and trial error. Mr. Reynolds indicates he did not appeal the denial of his petition because he "lost faith in the judicial system." (Doc. 1 at 4.) Mr. Reynolds acknowledges he has not sought habeas corpus relief or any other form of collateral review of his

[1] See also, Montana Department of Corrections Offender Search: https://app.mt.gov/conweb/Offender/3013539/ (accessed March 30, 2022).

convictions in the state courts. *Id*.

**II. Present Proceedings**

Mr. Reynolds indicates he is challenging the Montana Parole Board's denial of his release which occurred during the December 12, 2021, annual review. *Id*. at 2, 4. In an addendum to his petition, Mr. Reynolds states he is raising his claims under the Eighth Amendment. (Doc. 1-1 at 2.)

Mr. Reynolds asserts that although his convictions led to his present confinement, the deliberate indifference to his medical needs by prison healthcare providers, coupled with his disabilities, have prolonged his confinement. *Id*. He claims the prison health care providers refuse to treat certain ailments. Further, he claims he was wrongfully removed from the Great Falls Pre-Release Center because he could not maintain employment, but that it was his underlying medical issues that prevented continuous employment. *Id*. at 2-3. Mr. Reynolds' medical issues also purportedly prevented him from maintaining steady prison employment upon his return to custody from pre-release. *Id*. at 4.

Mr. Reynolds believes the Parole Board unlawfully denied him parole in December of 2021, based, in part, upon false information presented to the Board by the Gallatin County Crime Victim's Advocate. *Id*. He indicates he appealed this denial. *Id*.; see also, (Doc. 1-2 at 79-80)(correspondence from Brad Newman BOPP Member).

Mr. Reynolds asserts the State of Montana has continually inflicted severe pain and distress and put his life in danger by demonstrating deliberate indifference to his medical needs, by violating his civil rights, and by denying his parole in bad faith. (Doc. 1-1 at 4.) Specifically, Mr. Reynolds asserts he was denied treatment for his sleep apnea, including a CPAP machine, and that his back injury has been left untreated, causing great pain and long-term damage. *Id*. at 7-8. Mr. Reynolds has provided various records in support of his claims. See generally, (Doc. 1-2.)

**III. Analysis: Federal Habeas Corpus vs. Civil Rights**

As a general rule, a claim that challenges the fact or duration of a prisoner's confinement should be addressed by filing a habeas corpus petition under 28 U.S.C. § 2254, while a claim that challenges the conditions of confinement should be addressed by filing a civil rights action under 42 U.S.C. § 1983. See, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Ramirez v. Galaza*, 334 F. 3d 850, 858-59 (9th Cir. 2003), cert. denied, 541 U.S. 1063 (2004). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484. A claim challenging prison policies and procedures is only "cognizable in habeas if it will 'necessarily spell speedier release' from custody, meaning that the relief sought will either terminate custody, accelerate the future date of release from custody, or reduce the level of custody." *Skinner v. Switzer*,

131 S. Ct. 1289, 1299 n. 13 (2001). Prisoners seeking other challenges to their conditions of confinement may have recourse under 42 U.S.C. § 1983, but not habeas. A prisoner cannot obtain release from prison by filing a § 1983 action. Conversely, a prisoner may not obtain injunctive relief or damages based upon conditions of confinement claims by filing a habeas petition.

It appears, therefore, to the extent that Mr. Reynolds seeks to challenge the purported denial of reasonable prison conditions, including medical care and accommodations, the claim would be more appropriately filed as a civil rights action under 42 U.S.C. § 1983, rather than as a habeas corpus petition. *See, Blair v. Martel*, 645 F. 3d 1151, 1157-58 (9th Cir. 2011) (Because the prisoner's claim did not challenge the validity of his conviction or "necessarily spell speedier release" it "belongs in a § 1983 complaint, not a habeas petition.").[2] Any claims Mr. Reynolds seeks to advance relative to the conditions of his confinement and or violations of his civil rights should be brought in a future action under § 1983.

**IV. Exhaustion**

To the extent that Mr. Reynolds believes the Parole Board unlawfully denied his parole, another procedural hurdle stands in his way- the claim is unexhausted.

---

[2] The Court would note that Mr. Reynolds previously filed a § 1983 civil rights complaint, but that he voluntarily dismissed the matter. See, *Reynolds v. Montana Department of Corrections, et. al*., Cause No. CV-16-106-GF-BMM-JTJ, Not. Vol. Dismissal (filed June 14, 2017).

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id. See also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999,

cert. denied, 546 U.S. 818 (2005).

This Court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Further, this Court has the *sua sponte* authority to examine the question of exhaustion. See e.g., *Campbell v. Crist*, 647 F. 2d 956, 957 (9th Cir. 1981).

From the documents provided, it appears Mr. Reynolds believes the request for reconsideration that he sent by letter to the Board, as reflected in the correspondence with Mr. Newman, constituted proper exhaustion. Mr. Reynolds is mistaken. The Montana Supreme Court has not yet had the opportunity to review the claim. As reflected in his filings before this Court, Mr. Reynolds has not attempted to present the claim to the Court; it appears he still may have time to do so. Thus, Mr. Reynolds has not yet exhausted his available state court remedies. Accordingly, this Court cannot review the claim. See, *Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Mr. Reynolds to return to this Court if and when he fully exhausts the claims relative to his current custody.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Reynolds has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his claim relative to the denial of parole is unexhausted, reasonable jurists would find no basis to encourage further proceedings. The remainder of Mr. Reynolds' claims sound in § 1983 and not federal habeas. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. Mr. Reynolds' Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Reynolds may object to this Findings and Recommendation within 14 days. 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Reynolds must immediately notify the Court of any change in his mailing address. Failure to do so may result in dismissal of his case without notice to him.

DATED this 31st day of March, 2022.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge
